**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>                              Plaintiff,<br><br>         v.<br><br>YOUTUBE, LLC,<br><br>                       Defendant. | Case No. 1:12-cv-12012-MLW<br><br>JURY TRIAL DEMANDED |

## YOUTUBE, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

Defendant YouTube, LLC ("YouTube"), by and through its undersigned counsel, hereby responds to VideoShare, LLC's ("VideoShare") Complaint. YouTube denies the allegations and characterizations in the Complaint, unless expressly admitted in the following Paragraphs. YouTube's specific responses to the numbered allegations are set forth below.

## INTRODUCTION

1.       YouTube admits that this action purports to arise under the patent laws of Title 35 of the United States Code. YouTube admits that a copy of what appears to be U.S. Patent No. 7,987,492 (the "'492 patent"), entitled "Sharing A Streaming Video," is attached to the Complaint as Exhibit A. YouTube admits the Complaint states that VideoShare is seeking damages and an injunction, but expressly denies that VideoShare is entitled to either. YouTube denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2.       YouTube lacks knowledge or information sufficient to form a belief as to the truth or veracity of the allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

1

3.      YouTube admits it is a Delaware corporation with a principal place of business in San Bruno, San Mateo County, California.

## JURISDICTION AND VENUE

4.      YouTube admits this Court has subject matter jurisdiction over VideoShare's claims pursuant to 28 U.S.C. § 1331 and § 1338(a).

5.      For purposes of this action only, YouTube does not contest that venue is proper in this judicial district, but denies that venue is convenient.  YouTube denies committing any acts of infringement in this district or elsewhere.  YouTube denies the remaining allegations contained in Paragraph 5 of the Complaint.

## CLAIM FOR PATENT INFRINGEMENT

6.      YouTube admits that the face of the '492 patent indicates that the U.S. Patent and Trademark Office issued the '492 patent on July 26, 2011.  YouTube lacks knowledge or information sufficient to form a belief as to the truth or veracity of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.      YouTube admits that it provides services to users for online video, but denies that those services infringe the '492 patent.  YouTube denies the remaining allegations contained in Paragraph 7 of the Complaint.

## CLAIM FOR RELIEF

8.      YouTube denies each and every allegation in Paragraph 8 of the Complaint.

9.      YouTube denies each and every allegation in Paragraph 9 of the Complaint.

YouTube denies that VideoShare is entitled to any of the remaining requested relief, and denies any and all allegations contained in the Claim for Relief and paragraphs A-D of the prayer for judgment in the Complaint.

## DEMAND FOR JURY TRIAL

VideoShare's request for a jury trial does not require a response from YouTube.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, YouTube contends and asserts the following affirmative and other defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denoted herein.  In addition to the affirmative and other defenses described below, and subject to the response above, YouTube intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

### FIRST DEFENSE

10.     YouTube has not infringed and does not infringe under any theory of infringement (including directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '492 patent.

### SECOND DEFENSE

11.     The '492 patent is invalid because the alleged invention(s) fail to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, *et seq.*

### THIRD DEFENSE

12.     An injunction (either preliminary or permanent) would be improper in this case under the legal standards for injunctions.  On information and belief, VideoShare is not competing with YouTube and is not practicing the claimed subject matter of the '492 patent. Therefore, VideoShare cannot be irreparably harmed, and the balance of hardships and public interest do not favor entering an injunction in this case.

## FOURTH DEFENSE

13.     VideoShare's attempted enforcement of the '492 patent is barred by equitable defenses, including laches, waiver, and estoppel.

## FIFTH DEFENSE

14.     VideoShare's claim for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE

15.     The Complaint fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE

16.     By reason of admissions, arguments, amendments, or disclaimers made by or on behalf of the applicants during the proceedings in the U.S. Patent and Trademark Office during the prosecution of the application which resulted in the issuance of the '492 patent, VideoShare is estopped from construing any claim of the '492 patent to include any YouTube product, service, system, method, or activity.

## COUNTERCLAIMS

YouTube, for its counterclaims against VideoShare, and on information and belief, states as follows:

## THE PARTIES

1.     YouTube, LLC ("YouTube") is a Delaware limited liability company having a principal place of business at 901 Cherry Avenue, San Bruno, California 94066.

2.     On information and belief, VideoShare, LLC ("VideoShare") is a Delaware limited liability company with a principal place of business in Chestnut Hill, Massachusetts.

## JURISDICTION AND VENUE

3.     YouTube restates and incorporates by reference the responses and allegations contained in the foregoing Paragraphs, as if fully set forth herein.

4.     Subject to its defenses and denials, YouTube alleges that this Court has jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.     Subject to its defenses and denials, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

6.     In its Complaint, VideoShare asserts that YouTube has infringed U.S. Patent No. 7,987,492 (the "'492 patent").

7.     YouTube has not infringed and does not infringe under any theory of infringement (including directly, contributorily, by inducement, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '492 patent.

8.     The '492 patent is invalid and unenforceable.

9.     Consequently, there is an actual case or controversy between YouTube and VideoShare over the non-infringement, invalidity, and unenforceability of the '492 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10.     YouTube restates and incorporates by reference the responses and allegations contained in the foregoing Paragraphs, as if fully set forth herein.

11.     An actual case or controversy exists between YouTube and VideoShare as to whether the '492 patent is not infringed by YouTube.

12.     A judicial declaration is necessary and appropriate so that YouTube may ascertain its rights regarding the '492 patent.

13.     YouTube has not infringed and does infringe under any theory of infringement (including directly, by inducement, contributorily, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '492 patent.

14.     YouTube therefore seeks a judicial declaration that it has not and does not infringe the '492 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

15.     YouTube restates and incorporates by reference the responses and allegations contained in the foregoing Paragraphs, as if fully set forth herein.

16.     An actual case or controversy exists between VideoShare and YouTube as to whether the '492 patent is invalid and unenforceable.

17.     A judicial declaration is necessary and appropriate so that YouTube may ascertain its rights as to whether the '492 patent is invalid and unenforceable.

18.     The '492 patent is invalid for failure to meet one or more of the conditions of patentability, otherwise comply with the provisions of 35 U.S.C. §§ 101, *et seq.*, and/or is unenforceable.

19.     YouTube therefore seeks a judicial declaration that the '492 patent is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, YouTube prays for judgment as follows:

20.     A declaration that YouTube has not infringed and does infringe under any theory of infringement (including directly, by inducement, contributorily, literally, or under the doctrine of equivalents) any valid and enforceable claim of the '492 patent.

21.     A declaration that the '492 patent is invalid and unenforceable;

6

22.     A declaration that VideoShare take nothing by its Complaint;

23.     A declaration enjoining VideoShare, it's agents, servants, employees, and/or attorneys from initiating or continuing infringement litigation, from otherwise participating or assisting in infringement litigation, and from threatening YouTube or any of its customers, dealers, agents, servants, or employees with infringement litigation, or charging any of them either verbally or in writing with infringement of the '492 patent;

24.     A judgment against VideoShare and in favor of YouTube on the Counterclaims;

25.     Dismissal of the Complaint with prejudice;

26.     A declaration that this case is exceptional and an award to YouTube of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

27.     A judgment limiting or barring VideoShare's ability to enforce the '492 patent in equity; and

28.     Further relief as the Court may deem just and proper.


Dated: December 21, 2012                         Respectfully submitted,

                                                 YOUTUBE, LLC,
                                                 By its Attorneys,


                                                 ____/s/ J. Patrick Kennedy_____
                                                 J. Patrick Kennedy, BBO # 565778
                                                 pkennedy@bulkley.com
                                                 Gregory S. Bombard, BBO # 679720
                                                 gbombard@bulkley.com
                                                 Bulkley, Richardson and Gelinas, LLP
                                                 125 High Street
                                                 Oliver Street Tower, 16th Floor
                                                 Boston, MA 02110
                                                 (617) 368-2500

and

Cono A. Carrano (pro hac vice pending)
ccarrano@akingump.com
David Vondle (pro hac vice pending)
dvondle@akingump.com
Romeao Jennings (pro hac vice pending)
rjennings@akingump.com
Akin, Gump, Strauss, Hauer & Feld LLP
1333 New Hampshire Ave, NW
Washington DC, 20036
(T) 202.887.4000
(F) 202.887.4288

Dianne Elderkin (pro hac vice pending)
delderkin@akingump.com
Julie Goldemberg (pro hac vice pending)
jgoldemberg@akingump.com
Akin, Gump, Strauss, Hauer, & Feld LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
(T) 215.965.1200
(F) 215.965.1210

Kellie Johnson (pro hac vice pending)
kmjohnson@akingump.com
Akin, Gump, Strauss, Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201-4624
(T) 214.969.2800
(F) 214.969.4343

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 21, 2012.

_/s/ J. Patrick Kennedy_
J. Patrick Kennedy

1431622v2