```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

VIDEOSHARE, LLC,                )
     Plaintiff,                 )
                                )
          v.                    )    Civ. No. 12-12012-MLW
                                )
YOUTUBE, LLC,                   )
     Defendant.                 )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                         February 1, 2014

I. OVERVIEW

Plaintiff VideoShare, LLC ("VideoShare") brought this suit alleging patent infringement by defendant YouTube, LLC ("YouTube"). YouTube answered the complaint and filed counterclaims. VideoShare now seeks to dismiss its own action (the "Motion to Dismiss"). YouTube opposes dismissal and seeks to file supplemental counterclaims under Federal Rule of Civil Procedure 15(d) (the "Motion to Supplement"). A closely related suit between the parties is pending in the United States District Court for the District of Delaware. That court is considering a motion under 28 U.S.C. §1404(a) to transfer the case before it to this District. For the reasons explained in this Memorandum, the Motion to Dismiss is being allowed and the Motion to Supplement is being denied. This case is, therefore, being dismissed. The dismissal of this case is not, however, intended to bear on the separate decision to be made by the

District of Delaware as to whether the case before it should be transferred to this District.

II. BACKGROUND

VideoShare owns United States Patent No. 7,987,492 (the "'492 patent"). The subject of the '492 patent is "Sharing a Streaming Video." "Streaming" permits one user to upload a video to a server, and any number of other viewers to access the video without first downloading it in its entirety. See Compl. Ex. A, at 20. VideoShare's complaint seeks damages and injunctive relief for infringement of the '492 patent by YouTube. According to the complaint, YouTube uses the technology protected by the patent in its products, and it also induces infringement by its customers.

The complaint was filed on October 26, 2012. On December 21, 2012, YouTube answered the complaint and asserted counterclaims, seeking a declaratory judgment that its activities do not infringe the '492 patent and that the patent is invalid. VideoShare answered YouTube's counterclaims on January 4, 2013.

Several months later, VideoShare obtained two additional patents, Nos. 8,438,608 and 8,464,302 (the "'608 patent" and the "'302 patent"). The subjects of these patents were found by the United States Patent and Trademark Office to be "not patentably

2

distinct" from the '492 patent. See Mem. Supp. YouTube's Mot. for Leave to Amend Exs. K, O (USPTO Non-Final Rejections). Each of the patents was, therefore, issued only after VideoShare submitted a "terminal disclaimer," which restricts the durations of these patents to the term of the '492 patent. See id. Exs. L, P (Terminal Disclaimers).

Soon thereafter, in June 2013, VideoShare filed a separate suit in the District of Delaware, in which it alleged infringement of the '608 and '302 patents by YouTube and its parent company, Google, Inc. ("Google"). VideoShare also filed two additional suits concerning the same patents in the District of Delaware, against Vimeo, LLC and Viddler, Inc. The parties report that the defendants in the three District of Delaware cases have moved under 28 U.S.C. §1404(a) to transfer those cases to the District of Massachusetts, and that a decision on the motions to transfer may be forthcoming.

On July 1, 2013, VideoShare filed its Motion to Dismiss. VideoShare reported that it had provided YouTube with a covenant not to sue on the basis of the '492 patent. It contended that this covenant extinguishes the controversy between the parties and, therefore, divests the court of jurisdiction.

YouTube opposes dismissal. It argues, in essence, that the controversy between the parties encompasses all three patents,

and that this controversy would most appropriately be litigated in the District of Massachusetts. One day after VideoShare filed the Motion to Dismiss, YouTube filed its Motion to Supplement.[1] YouTube's proposed supplemental counterclaims would seek a declaratory judgment of non-infringement and invalidity with regard to the '608 and '302 patents. YouTube also seeks to join Google, its parent company, as an additional counterclaim-plaintiff.

VideoShare filed an opposition to YouTube's Motion to Supplement. YouTube then sought leave to file a Reply brief. VideoShare opposed YouTube's request to file a Reply, but, in the alternative, sought to file a Sur-Reply of its own. The court is allowing YouTube's motion to file a Reply, and it has considered both YouTube's proposed Reply and VideoShare's proposed Sur-Reply.

III. ANALYSIS

VideoShare seeks to dismiss its own action. Because the complaint has been answered and YouTube does not consent to dismissal, the case may be dismissed "only by court order, on terms that the court considers proper." Fed. R. Civ. P.

---

[1] Although YouTube's motion is styled a "Motion for Leave to Amend," its substance reveals that YouTube wishes to file supplementary counterclaims. See United States v. Russell, 241 F.2d 879, 882 (1st Cir. 1957) (misnomer of a motion under Rule 15(d) as a motion to amend is "of no moment").

41(a)(2). Where, as here, dismissal would be with prejudice and would not injure the rights of third-party intervenors, denial of voluntary dismissal is rarely, if ever, appropriate. See ITV Direct, Inc. v. Healthy Solutions, LLC, 445 F.3d 66, 70 (1st Cir. 2006); Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964); Puello v. Citifinancial Servs., Inc., 76 Fed. R. Serv. 3d 536 (D. Mass. 2010); 9 Charles Alan Wright et al., Federal Practice and Procedure §2367 (3d ed. 2010) (collecting cases).

However, because YouTube "pleaded counterclaim[s] before being served with [VideoShare's] motion to dismiss," dismissal of the complaint is proper "only if the counterclaim[s] can remain pending for independent adjudication." Id. YouTube's counterclaims are, therefore, not subject to dismissal solely because VideoShare's complaint is being voluntarily dismissed.

The counterclaims are, however, being dismissed on other grounds. As presently constituted, the counterclaims seek a declaratory judgment concerning the '492 patent. "Subject matter jurisdiction in a declaratory judgment suit depends upon the existence of 'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Dow Jones & Co., Inc. v. Ablaise Ltd., 606 F.3d 1338, 1345 (Fed. Cir. 2010) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S.

118, 127 (2007)). Consequently, the Federal Circuit has "held, in a line of cases . . . that a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." Id. at 1346.

"[W]hether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 556 F.3d 1294, 1297 (Fed. Cir. 2009). In this case, VideoShare initially covenanted "not to sue YouTube for past or future infringement of the ['492] Patent." Lyon Decl. Ex. 2. It subsequently clarified that its covenant encompasses all YouTube products, including any future products. See VideoShare's Resp. to YouTube's Mot. to Amend Its Counterclaims 8. More recently, VideoShare extended its covenant to all of YouTube's customers and to Google, YouTube's parent company. See VideoShare's Proposed Sur-Reply 1-2. In its current scope, at least, the covenant suffices to "extinguish[] any current or future case or controversy between the parties." Dow Jones, 606 F.3d at 1348. The court, therefore, lacks jurisdiction to entertain YouTube's counterclaims, and they must be dismissed.

"Without jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (quoting Ex parte McCardle, 7 Wall. 506, 514 (1868)). When its jurisdiction is eliminated, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. It would ordinarily follow that because the court lacks jurisdiction over YouTube's counterclaims, it also does not have the power to permit YouTube to file supplemental counterclaims.

YouTube contends, however, that in the special circumstances of this case, the court retains the discretion to authorize the filing of supplemental counterclaims. YouTube's primary argument to this end is that because the '492, '608, and '302 patents are closely related, there remains a controversy between the parties notwithstanding the dismissal of the claims concerning the '492 patent. In addition, as described earlier, VideoShare's covenant not to sue was originally narrower in scope than it is today. It may be, therefore, that at the time the Motion to Supplement was filed, the controversy concerning the '492 patent had not yet been extinguished.

Ultimately, it is not necessary to decide whether the court could permissibly authorize the filing of supplemental counterclaims. Assuming, without finding, that the court has the

7

authority to allow YouTube's Motion to Supplement, "[a] motion to supplement the pleadings under Rule 15(d) is addressed to sound discretion of the Court." Structural Sys., Inc. v. Sulfaro, 692 F. Supp. 34, 36 (D. Mass. 1988); 6A Wright et al., Federal Practice and Procedure §1504 (citing Farmer v. Brennan, 511 U.S. 825, 845 (1994)).[2] In this case, the court would exercise its discretion to deny the Motion to Supplement, for the following reasons.

Supplemental pleadings, much like amendments to the pleadings under Federal Rule of Civil Procedure 15(a), should generally be liberally allowed when justice so requires. See Structural Sys., 692 F. Supp. at 36; 6A Wright et al., Federal Practice and Procedure §1504. In this case, however, considerations of comity, consistency, and efficiency weigh against allowing YouTube to file its proposed supplemental counterclaims.

The subject matter of the counterclaims that YouTube wishes to file would be identical to the subject matter of the action

---

[2] The court also has substantial discretion as to whether to entertain YouTube's proposed supplementary counterclaims under the Declaratory Judgment Act, 28 U.S.C. §2201(a), which provides that a court "may declare the rights and other legal relations of any interested party." "This text has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" MedImmune, 549 U.S. at 136 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995)).

brought by VideoShare against YouTube and Google in the District of Delaware. "As between federal district courts . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). In order to avoid the "ills" of duplicative litigation, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 729 (5th Cir. 1985); Abbott Laboratories v. Gardner, 387 U.S. 136, 155 (1967). The decision as to which court should adjudicate a given dispute should generally be made by "the jurisdiction first seized of the issues." W. Gulf Mar. Ass'n, 751 F.2d at 730 (quoting Mann Manufacturing, Inc. v. Hortex, Inc., 439 F.2d 408 n.6 (5th Cir. 1971)); Boston & Maine Corp. v. United Transp. Union, 110 F.R.D. 322, 329 (D. Mass. 1986).

The jurisdiction that first "seized of the issues" concerning the '608 and '302 patents is the District of Delaware. That court also has before it two additional cases concerning the same patents. Moreover, the parties to those three cases have raised and briefed before the District of Delaware the question of which jurisdiction is the most appropriate venue for VideoShare's actions, in view of the

factors enumerated in 28 U.S.C. §1404(a) and the cases applying that provision to patent disputes. See, e.g., In re Link A Media Devices Corp., 662 F.3d 1221 (Fed. Cir. 2011); In re TS Tech USA Corp., 551 F.3d 1315 (Fed. Cir. 2008); Micron Tech., Inc. v. Mosaid Technologies, Inc., 518 F.3d 897 (Fed. Cir. 2008). This question has only been presented to this court briefly and in passing.

Under these circumstances, it is most appropriate that the District of Delaware, by way of the motions to transfer pending before it, determine which jurisdiction will adjudicate the parties' dispute concerning the '608 and '302 patents. This court is, therefore, denying YouTube's Motion to Supplement and is dismissing this case. However, this decision should not be misconstrued as an expression of a view as to where the merits of the dispute should be litigated, an issue that has not been fully presented to this court. Rather, the District of Delaware has the information and authority to decide whether one or more of the cases involving the '608 and '302 patents should be transferred to the District of Massachusetts. The instant decision is not intended to encourage or discourage a decision to transfer. That decision should be made by the District of Delaware.

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. VideoShare's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Docket No. 38) is ALLOWED.

2. YouTube's Motion to Amend Its Counterclaims (Docket No. 42) is DENIED.

3. YouTube's Motion for Leave to File Reply Brief in Support of Its Motion to Amend Its Counterclaims (Docket No. 50) is ALLOWED.

4. This case is DISMISSED without prejudice to a possible Order of the United States District Court for the District of Delaware transferring a related case to this District under 28 U.S.C. §1404(a).

/s/ Mark L. Wolf<br>UNITED STATES DISTRICT JUDGE